

**PROMISSORY NOTE AND SECURITY AGREEMENT**

| Note Date: | 05/18/2015 | | |
|---|---|---|---|
| Borrower Name: | ADONIS L LATHAM | Borrower Name: | N/A |
| Address:<br>3101 W WASHINGTON BLVD<br>UNIT 6<br>CHICAGO, IL 60612 | | Address:<br>N/A | |

Lender: JPMorgan Chase Bank, N.A., Auto Finance Division, 1111 Polaris Parkway, Columbus OH 43240

Each person ("you") who signs this Promissory Note and Security Agreement ("Agreement") is equally responsible to JPMorgan Chase Bank, N.A. (also referred to as "Chase", "we" and "our") for all obligations under this Agreement, including repaying the amounts below.

**DESCRIPTION OF VEHICLE SECURING THIS LOAN ("Vehicle"):**
2014 JEEP WRANGLER UTILITY 4D UNLIMITED SAHARA 4WD V6 (1C4HJWEG4EL157223)

"e" means an estimate

**FEDERAL TRUTH-IN-LENDING DISCLOSURES:**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 3.16% | $3,911.49 e | $39,473.55 e | $43,385.04 e |

**PAYMENT SCHEDULE:** You promise to pay us 71 equal payments of $602.57 due on the same date of each month starting on Jun 17, 2015 and one final payment of $602.57 due on May 17, 2021.

**ANNUAL PERCENTAGE RATE (APR) MAY INCREASE.** Your APR includes a 0.25% rate discount for signing up (under a separate document) to have your loan payments automatically deducted from a Chase deposit account. The APR above will stay the same as long as you continue automatic payment deductions from a Chase deposit account. If you stop the automatic payment deductions, we may increase the APR by 0.25%. If that occurs, you will continue to make your regularly scheduled payment amount but your final payment will be larger. As an example, if you borrowed $20,000 for 60 months, at an APR of 7.25%, you would be making 60 payments of $398.39. If you stopped making automatic payments after the first payment, the APR would increase to 7.50% and you would continue to make monthly payments of $398.39, but the increased rate would mean more interest would accrue and your final payment would be $564.39. Your actual loan amount, APR and term would determine how much your final payment would increase.

**PREPAYMENT:** You will not have to pay a penalty if you pay off this loan early.

**SECURITY:** You are giving us a security interest in the Vehicle including any accessories, equipment and replacement parts installed in or on the Vehicle, as further described in this Agreement.

**LIEN FILING FEE:** $0.00

**LATE FEE:** If a payment is more than 10 days late, you will be charged the greater of 5% of the unpaid portion of the amount due or $25.00.

**OTHER TERMS:** You should read this Agreement in full for additional information, including our security interest in the Vehicle, nonpayment, default, prepayment penalties, and our right to require repayment in full before the scheduled date.

**ADDITIONAL AMOUNTS:** The amount you borrowed from us was determined from information given to us by you, or by people directed by you (such as your dealer or a prior lender). If the amounts are not accurate (for example, if a loan payoff amount is no longer valid or you fail to pay amounts necessary to perfect our first priority lien on title to the Vehicle), we may ask that you pay those additional amounts and if you don't, we may add those amounts to your loan balance and accrue interest at the APR. If that occurs, your minimum monthly payment won't change, but your final payment will be larger.

© 2013 JPMorgan Chase Bank, N.A. Member FDIC. All rights reserved.
PNMU032215



| | ITEMIZATION OF AMOUNT FINANCED | |
|---|---|---|
| (a) | Amount Given to You Directly | $ 0.00 |
| (b) | Fees and Taxes Paid to Governmental Agencies | $ 98.00 |
| (c) | To: TOYOTA FINANCIAL SERVICES for payoff to existing creditor | $ 39,375.55 |
| (d) | To: N/A | $ 0.00 |
| (e) | To: N/A | $ 0.00 |
| | **Amount Financed** | $ 39,473.55 |

## INFORMATION ABOUT YOUR LOAN

**GOVERNING LAW:** This Agreement is governed by federal law and the laws of the State of Ohio. If any provision of this Agreement is found to conflict with applicable law, it will be considered to be modified to comply with that law and the remaining provisions of this Agreement shall continue.

**YOUR REPAYMENT PROMISE:** You promise to pay us in installments as shown above, the Amount Financed plus the Finance Charge determined by applying a daily rate of $1/365^{th}$ ($1/366^{th}$ in a leap year) of the APR to the unpaid balance each day. The loan is made when we receive a fully signed Agreement and related documents and disburse the proceeds of the loan. The Finance Charge will start to accrue on the later of the date we disburse the proceeds of this loan or the Note Date above.

**SIMPLE INTEREST LOAN:** This is a simple interest loan, which means we compute interest each day at the APR shown above on the unpaid balance. Making payments early means you will owe less Finance Charge over the term of the loan, while making payments later means you will owe more. Before your last payment is due, we will tell you about any additional amount you owe us (if it is $1.00 or more). After your last payment, we will refund any amount we owe you (if $1.00 or more).

**HOW WE APPLY PAYMENTS TO YOUR LOAN BALANCE:** For each payment made, we apply the money to interest that has accrued since your last payment and then to the unpaid balance. If you make payments that are more than your regular monthly payment, we apply the extra amount to any fees owed and then, if any amount remains, to your unpaid balance. In addition, any amounts received by us, including amounts or refunds of optional products you purchased or insurance proceeds, will be credited to your loan or returned to you.

## GRANT OF SECURITY INTEREST AND OBLIGATIONS REGARDING THE VEHICLE

**SECURITY INTEREST:** You grant us a security interest in the Vehicle, any proceeds of the Vehicle, and any accessories, equipment and replacement parts installed in the Vehicle. You will not allow any subordinate or other liens to be placed on the Vehicle. The security interest also covers other products financed in this Agreement, proceeds of those products, and any insurance proceeds. The security interest secures payment of all amounts you owe under this Agreement and in any transfer, renewal, extension, refinancing, modification, or assignment of this Agreement. It also secures your other obligations in this Agreement. We may assist you in doing so, but it is your responsibility to ensure our lien is noted on the title to the Vehicle.

**VEHICLE CARE AND RESPONSIBILITY, RISK OF LOSS:** You bear the risk of loss of the Vehicle, which means you must repay us all amounts under this Agreement even if the Vehicle is damaged, destroyed or missing, whether or not it is insured. If you are in an accident or your car is stolen and the amount of your insurance proceeds doesn't pay your loan in full, you will still be required to pay the remaining amount owed on this loan. You will not allow anyone else to possess the Vehicle or allow it to be removed from the United States without us giving you prior written permission to do so (which we do not have to give). You will keep the Vehicle in good condition and allow us to inspect it if we ask. You will not allow anyone else to claim an interest in the Vehicle through seizure, a lien, or by any other means. You promise that only licensed operators will operate the Vehicle and you will keep it at the address stated above or will tell us if you move or want to keep it in a different location. If we pay fees, taxes or amounts to third parties to pay off prior loans or to allow our lien to be perfected, or any other amounts to protect our interest in the Vehicle, you will pay us those amounts when we ask or, we may add the amounts to your loan balance, which will accrue interest at the APR. If that occurs, you will continue to make your regularly scheduled payment amount but your final payment will be larger.

**VEHICLE TITLE/REGISTRATION:** You agree to: (1) promptly title and register the Vehicle in your name(s) and list us as lienholder; and (2) pay applicable taxes and fees incurred in connection with purchasing and owning the Vehicle, including sales tax.

**INSURANCE REQUIREMENTS:** You agree to insure the Vehicle, through a policy you already have or a new policy, from an insurance company that you choose who is authorized to sell the insurance, provided the company and policy is reasonably acceptable to us. We will notify you if it is not. Who you choose will not affect our credit decision, except that we may impose reasonable requirements concerning the credit worthiness of the insurer and type of coverage you chose. You must insure the Vehicle with a policy which has a maximum $1,000 deductible covering comprehensive fire, theft and collision coverage, in an amount sufficient to cover the replacement value. You will name us the loss payee of any insurance policy and if we ask, give us written evidence that you have

© 2013 JPMorgan Chase Bank, N.A. Member FDIC. All rights reserved.
PNMU032215
Bank Copy
Redacted

obtained the required insurance. We have the right to receive any insurance settlement and apply it to repair the Vehicle or to your unpaid balance, at our option or if we receive any charges returned for your insurance, we may credit the amount to your unpaid balance or return it to you if the loan has been paid in full. We also have the right to make a claim under your policy or cancel the policy if you are in default under this Agreement.

## IN THE EVENT OF DEFAULT

**DEFAULT:** If allowed by law, you are in default under this Agreement if: (1) you don't make any payment when it is due or don't pay us any other amounts you owe under this Agreement; (2) you break any of the obligations in the Agreement; (3) you die; (4) anyone tries to take the Vehicle by legal proceedings; (5) you made any materially false statements when you applied for the loan given under this Agreement; (6) you don't keep the Vehicle insured; (7) the Vehicle is stolen and not recovered, destroyed, seized or confiscated; (8) you assign this Agreement to someone else, without getting our approval in writing first; (9) you don't get title to the Vehicle and have it put in your name; (10) you materially change the Vehicle, rent it or use it to carry passengers or goods for hire or any unlawful purpose; or (11) you don't get our lien noted on the title as a first priority lien, or don't cooperate in making sure that happens.

If you default, you may have the right under law to cure the default. If there is no right to cure or you fail to cure within the time provided, then we can do any of the following: (a) take possession of the Vehicle, with or without legal process; (b) demand that you pay all you owe on this Agreement at once, which may be subject to interest at the APR until you pay such amount; (c) take any reasonable action to prevent loss by us; and (d) exercise any other legal or equitable remedy available to us.

**POSSESSION OF THE VEHICLE UPON DEFAULT:** Upon possession, you authorize us to use your Vehicle license plates to move it. Any accessories, equipment or replacement parts, whether on the Vehicle as of the date of this Agreement or added after, will remain with the Vehicle. **NOTICE: THE VEHICLE IN THIS TRANSACTION MAY BE SUBJECT TO REPOSSESSION. IF IT IS REPOSSESSED AND SOLD TO SOMEONE ELSE, AND ALL AMOUNTS DUE TO THE SECURED PARTY ARE NOT RECEIVED IN THAT SALE, YOU MAY HAVE TO PAY THE DIFFERENCE.**

**SALE OF THE VEHICLE AFTER DEFAULT:** If we get possession of your Vehicle after default, we will sell the Vehicle in accordance with applicable law and will notify you at least 10 days before the sale. The notice will also tell you how to get the Vehicle back (redeem it). We will sell the Vehicle if you don't redeem it by the sale date in the notice. Unless an alternative method is required by applicable law, we will use the gross proceeds from the sale of the Vehicle, minus, to the extent permitted by law, any (1) charges for possessing the Vehicle (including payment of liens, taxes, or other fees related to the Vehicle); (2) charges for storing, cleaning, advertising and selling the Vehicle; (3) reasonable attorney's fees, and court costs related to the possession; and (4) other charges permitted by law, and apply the remaining amount to the loan balance. If you owe less than that amount, we will give you the difference unless someone else has an interest in the Vehicle or is otherwise entitled to those proceeds by applicable law. If you owe more than the amount remaining after the sale, you will pay us the remaining amount as allowed by law. If you do not pay the difference when asked, interest may accrue daily on this amount at the APR until paid.

**ATTORNEY'S FEES:** If allowed by law, if you default and we hire an attorney who is not our salaried employee to enforce this Agreement, you will pay our actual and reasonable attorneys' fees, and any court costs.

**RETURNED PAYMENT FEE:** If your payment is returned for any reason, we may charge you a Returned Payment Fee of $25.

## IMPORTANT LEGAL NOTICES

**NO WAIVER OF RIGHTS:** If we choose to not enforce our rights, or delay enforcing any of our rights, we can still enforce those rights and are not waiving any rights. For example, if we don't charge a late fee for a late payment, we will have the right to charge a late fee on any subsequent late payment and have not waived that right.

**USE OF AUTOMATED TELEPHONE DIALING EQUIPMENT, EMAILS AND TEXT MESSAGES:** When you give us your mobile phone number, we have your permission to contact you at that number about all your Chase or J.P. Morgan accounts. Your consent allows us to use text messaging, artificial or prerecorded voice messages and automatic dialing technology for informational and account service calls, but not for telemarketing or sales calls. It may include contact from companies working on our behalf to service your accounts. Message and data rates may apply. You may contact us anytime to change these preferences.

**CREDIT REPORT:** By submitting your application, you gave us permission to obtain a consumer credit report from one or more consumer credit reporting agencies. You also agree that we can obtain additional credit reports and other information about you in connection with updates, renewals, extensions, account review, collections activity or for other legitimate purposes.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT AGREEMENT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

© 2013 JPMorgan Chase Bank, N.A. Member FDIC. All rights reserved.
PNMU032215

Bank Copy



## AGREEMENT TO ARBITRATE DISPUTES

The following Arbitration Agreement can significantly affect your rights in any dispute with us. Please read it carefully before signing this Agreement.

1. IF EITHER OF US CHOOSES, ANY CLAIM OR DISPUTE BETWEEN US (AS DEFINED BELOW) WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL.
2. IF EITHER OF US CHOOSES TO ARBITRATE, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS OR OTHER REPRESENTATIVE ON BEHALF OF OTHER PERSONS OR AS A CLASS MEMBER OR OTHER REPRESENTED PERSON ON ANY CLASS CLAIM OR OTHER REPRESENTATIVE TYPE OF CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS OR OTHER REPRESENTATIVE ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause), and the arbitrability of the claim or dispute, between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, this Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. You expressly waive any right you may have to arbitrate a class or other representative type of action. You may choose to use the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org) or any other arbitration organization that you and we agree on. The arbitration shall be conducted in accordance with this Arbitration Agreement and, unless otherwise provided for in this Agreement to Arbitrate Disputes, the rules of the arbitration organization you chose (the "Arbitration Rules"). You may get a copy of the Arbitration Rules by contacting the arbitration organization or visiting its website.

The arbitrator shall be an attorney or retired judge selected in accordance with the Arbitration Rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside. The arbitrator's decision shall be in writing and either party may appeal the arbitrator's decision through the arbitration organization you chose. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1,500. We will also pay any additional amount of such fees that the arbitrator determines we must pay in order to make this Agreement to Arbitrate Disputes enforceable. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. The arbitrator's award shall be final and binding on all parties, except that the losing party may request a new arbitration if allowed by the Arbitration Rules. This Agreement to Arbitrate Disputes, and any arbitration conducted hereunder, shall be governed by the Federal Arbitration Act (9 U.S.C. § et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek individual remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Agreement shall survive any termination, payoff or transfer of this Agreement. The only exception to arbitration of claims is that both you and we have the right to pursue a claim in a small claims court instead of arbitration, if the claim is in that court's jurisdiction and proceeds on an individual basis. If any part of this Agreement to Arbitrate Disputes, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.

**NEGATIVE CREDIT REPORTING NOTICE:**
We may report information about your account to credit reporting agencies. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

**NOTICE TO CONSUMER:** 1. Do not sign this Agreement before you read it. 2. You are entitled to a copy of this Agreement.



3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

**IMPORTANT: READ BEFORE SIGNING.** YOU SHOULD READ THIS AGREEMENT CAREFULLY. THIS WRITTEN AGREEMENT IS THE ONLY ENFORCEABLE DOCUMENT AND NO OTHER TERMS OR VERBAL PROMISES CAN BE ENFORCED. YOU CAN ONLY CHANGE THE TERMS OF THIS AGREEMENT THROUGH ANOTHER WRITTEN AGREEMENT SIGNED BY YOU AND US AND THIS DOCUMENT IS THE FINAL AGREEMENT BETWEEN YOU AND US AND NO ORAL PROMISES THAT CONFLICT WITH THIS AGREEMENT WILL BE ENFORCEABLE. HOWEVER, IF WE PROVIDE YOU NOTICE, WE CAN MAKE CHANGES THAT ARE AT LEAST AS FAVORABLE TO YOU.

YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED A COMPLETED COPY OF THIS AGREEMENT, YOU HAVE READ IT AND UNDERSTAND IT AND AGREE TO BE RESPONSIBLE FOR REPAYING THIS DEBT UNDER THESE TERMS.

YOU ACKNOWLEDGE AND AGREE THAT NO DEBT CANCELLATION, GUARANTEED AUTO PROTECTION ("GAP"), CREDIT INSURANCE, OR SIMILAR PRODUCTS, OR ANY OTHER OPTIONAL PRODUCTS OR SERVICES WHICH WE HAVE NOTIFIED YOU ARE PROHIBITED IN CONNECTION WITH THIS LOAN, WERE SOLD TO YOU IN CONNECTION WITH THE SALE OF THE VEHICLE SECURING THIS AGREEMENT, AND THAT YOU HAVE NOT PAID FOR ANY SUCH PRODUCTS IN CASH OR WITH FUNDS OBTAINED FROM US UNDER THIS AGREEMENT.

_____
ADONIS L. LATHAM 's Signature

© 2013 JPMorgan Chase Bank, N.A. Member FDIC. All rights reserved.
PNMU032215

Redacted

## CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1C4HJWEG4EL157223 | 2014 | JEEP | WRANGLER UNLIMIT | UTILITY | Redacted |
| 1C4HJWEG4EL157223 | | | | | |

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 08/20/15 | 12000 | | | 10/31/14 | CORRECTED/DUP |
| | 12000 | | | USED | |

**EXHIBIT B**

LEGEND(S)

ACTUAL MILEAGE

THIS IS A DUPLICATE CERTIFICATE AND MAY BE SUBJECT TO THE RIGHTS OF A PERSON UNDER THE ORIGINAL CERTIFICATE.

MAILING ADDRESS

JPMORGAN CHASE BANK NA
PO BOX 901098
FORT WORTH TX 76101-2098

OWNER(S) NAME AND ADDRESS
ADONIS L LATHAM
3101 W WASHINGTON BLVD UNIT 6
CHICAGO IL 60612

Redacted

FIRST LIENHOLDER NAME AND ADDRESS
JPMORGAN CHASE BANK NA
PO BOX 901098
FORT WORTH TX 76101-2098

SECOND LIENHOLDER NAME AND ADDRESS

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged

Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____
Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State
Secured Party _____ Address _____

▷ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment

**ASSIGNMENT OF TITLE**
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage
WARNING-ODOMETER DISCREPANCY.

*If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application.*

▷ ODOMETER READING [NO TENTHS]
Signature(s) of Seller(s) _____
Printed Name(s) of Seller(s) _____
I am aware of the above odometer certification made by seller
Signature(s) of Buyer(s) _____ Printed Name _____
DATE OF SALE _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO. Redacted

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLES SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.